COWART, Judge.
The summary judgment in this case is based on a judicial determination that the *319 participation of an insurer’s attorney in an arbitration proceeding with knowledge that the insured had settled a claim against a third party constituted an implied waiver by the insurer of a policy provision that the insured would not, without the insurer’s consent, settle such a claim and thereby destroy the insurer’s subrogation rights.
We reverse the summary judgment because the evidence before the trial court at the summary judgment hearing as to what the insurer’s attorney knew about the insured’s unconsented settlement and when the insurer’s counsel learned it, was unclear and in dispute. These factual questions should be resolved by a trier of fact, as should also be the ultimate question of whether the facts, as finally established by the preponderance of the evidence, reasonably infer and imply that by commencing, or continuing, to participate in the arbitration proceeding, the insurer intended to waive the policy provision in question. Whether its existence is expressed and explicit, or subject to implication from circumstantial evidence, a waiver is an intentional relinquishment of a known right.
The summary judgment is reversed and the cause remanded for further proceedings.
REVERSED.
SHARP, C.J., concurs.
COBB, J., dissents with opinion.